**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JUUL LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NOAH DOVBERG,<br><br>Defendant. | Civil Action No. ____________________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against Noah Dovberg ("Dovberg" or "Defendant") and alleges as follows:

## NATURE OF THIS ACTION

1. This is a civil action arising out of Defendant's patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

## PARTIES

2. Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3. Upon information and belief, Defendant Noah Dovberg is an individual residing at 836 North Oleander Avenue, Daytona Beach, FL, 32118.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Dovberg because, upon information and belief, Dovberg resides in this District, has a regular and established place of business in this District, and has purposefully distributed the accused Sex Pods cartridges within this District,

and made those products available for sale through an established distribution chain including through Dovberg's website, www.sexvapor.co, and Juul's cause of action for patent infringement arises out of these activities. *See* Exhibit 1 [web print out of customer service/Contact Us showing location in Daytona Beach from www.sexvapor.co]; Exhibit 2 [web print outs of Sex Pods cartridges for sale at www.sexvapor.co]; Exhibit 3 [Property records for 836 Oleander Ave]; Exhibit 4 [web print out of WHOIS records for sexvapor.co]; Exhibit 5 [Order confirmation for Sex Pods cartridges from www.sexvapor.co].

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Dovberg resides in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District. *See id.*

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,058,129**

7. Juul re-alleges and incorporates by reference Paragraphs 1-6 above, as if fully set forth herein.

8. On August 28, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,058,129, entitled "Vaporization device systems and methods," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '129 patent issued from U.S. Application No. 15/379,898, filed December 15, 2016. There are no fees currently due with respect to the '129 patent.

9. The '129 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '129 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '129 patent is valid and enforceable. A true and correct copy of the '129 patent is attached as Exhibit 6

10. Juul virtually marks its products with the appropriate patent numbers, including the ’129 patent.

11. On information and belief, Dovberg manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Sex Pods cartridges that infringe the ’129 patent under 35 U.S.C. § 271(a). Specifically, the Sex Pods cartridges infringe claims 1-3, 5-8, 12, 13, 16-20, and 22 of the ’129 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Sex Pods cartridges is attached as Exhibit 7.

12. By his actions, Dovberg’s infringement of the ’129 patent has irreparably harmed Juul. Unless Dovberg’s infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

13. By his actions, Dovberg’s infringement of the ’129 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Dovberg’s infringing acts.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,104,915**

14. Juul re-alleges and incorporates by reference Paragraphs 1-13 above, as if fully set forth herein.

15. On October 23, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,104,915, entitled “Securely attaching cartridges for vaporizer devices,” to inventors Adam Bowen, Steven Christensen, James Monsees, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The ’915 patent issued from U.S. Application No. 15/815,666, filed November 16, 2017. There are no fees currently due with respect to the ’915 patent.

16. The ’915 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the ’915 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the ’915 patent is valid and enforceable. A true and correct copy of the ’915 patent is attached as Exhibit 8.

17. Juul virtually marks its products with the appropriate patent numbers, including the ’915 patent.

18. On information and belief, Dovberg manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Sex Pods cartridges that infringe the ’915 patent under 35 U.S.C. § 271(a). Specifically, the Sex Pods cartridges infringe claims 10, 15, 17, and 29-32 of the ’915 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Sex Pods cartridges is attached as Exhibit 9.

19. By his actions, Dovberg’s infringement of the ’915 patent has irreparably harmed Juul. Unless Dovberg’s infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

20. By his actions, Dovberg’s infringement of the ’915 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Dovberg’s infringing acts.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,111,470**

21. Juul re-alleges and incorporates by reference Paragraphs 1-20 above, as if fully set forth herein.

22. On October 30, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,111,470, entitled “Vaporizer apparatus,” to

inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The ’470 patent issued from U.S. Application No. 15/833,873, filed December 6, 2017. There are no fees currently due with respect to the ’470 patent.

23. The ’470 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the ’470 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the ’470 patent is valid and enforceable. A true and correct copy of the ’470 patent is attached as Exhibit 10.

24. Juul virtually marks its products with the appropriate patent numbers, including the ’470 patent.

25. On information and belief, Dovberg manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Sex Pods cartridges that infringe the ’470 patent under 35 U.S.C. § 271(a). Specifically, the Sex Pods cartridges infringe claims 1-4, 7, 8, 10, and 11 of the ’470 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Sex Pods cartridges is attached as Exhibit 11.

26. By his actions, Dovberg’s infringement of the ’470 patent has irreparably harmed Juul. Unless Dovberg’s infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

27. By his actions, Dovberg’s infringement of the ’470 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Dovberg’s infringing acts.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,117,465**

28. Juul re-alleges and incorporates by reference Paragraphs 1-27 above, as if fully set forth herein.

29. On November 6, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,117,465, entitled "Vaporization device systems and methods," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '465 patent issued from U.S. Application No. 15/813,096, filed November 14, 2017. There are no fees currently due with respect to the '465 patent.

30. The '465 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '465 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '465 patent is valid and enforceable. A true and correct copy of the '465 patent is attached as Exhibit 12.

31. Juul virtually marks its products with the appropriate patent numbers, including the '465 patent.

32. On information and belief, Dovberg manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Sex Pods cartridges that infringe the '465 patent under 35 U.S.C. § 271(a). Specifically, the Sex Pods cartridges infringe claims 1-7 and 9-20 of the '465 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Sex Pods cartridges is attached as Exhibit 13.

33. By his actions, Dovberg's infringement of the '465 patent has irreparably harmed Juul. Unless Dovberg's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

34. By his actions, Dovberg's infringement of the '465 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Dovberg's infringing acts.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,117,466**

35. Juul re-alleges and incorporates by reference Paragraphs 1-34 above, as if fully set forth herein.

36. On November 6, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,117,466, entitled "Vaporization device systems and methods," to inventors James Monsees, Adam Bowen, Nicholas Jay Hatton, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '466 patent issued from U.S. Application No. 15/815,645, filed November 16, 2017. There are no fees currently due with respect to the '466 patent.

37. The '466 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '466 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '466 patent is valid and enforceable. A true and correct copy of the '466 patent is attached as Exhibit 14.

38. Juul virtually marks its products with the appropriate patent numbers, including the '466 patent.

39. On information and belief, Dovberg manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States the Sex Pods cartridges that infringe the '466

patent under 35 U.S.C. § 271(a). Specifically, the Sex Pods cartridges infringe claims 1, 4-8, 10, 12, 14, and 16-23 of the ’466 patent at least because these pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Sex Pods cartridges is attached as Exhibit 15.

40. By his actions, Dovberg’s infringement of the ’466 patent has irreparably harmed Juul. Unless Dovberg’s infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

41. By his actions, Dovberg’s infringement of the ’466 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Dovberg’s infringing acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Dovberg as follows:

A. That Dovberg and all of his affiliates, officers, agents, servants, employees, attorneys, and his heirs, successors and assigns, and all persons acting in concert or participation with Dovberg and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B. A judgment by the Court that Dovberg has infringed U.S. Patent Nos. 10,058,129; 10,104,915; 10,111,470; 10,117,465; and 10,117,466;

C. An award of damages for infringement of U.S. Patent Nos. 10,058,129; 10,104,915; 10,111,470; 10,117,465; and 10,117,466 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Dovberg’s infringement, as provided by 35 U.S.C. § 284;

D. A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

F. For costs of suit; and

G. For such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: November 20, 2018

By: /s/ David C. Banker

David C. Banker (Fla. Bar No. 352977)
Bryan D. Hull (Fla. Bar No. 20969)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax: 813-223-9620
Primary: dbanker@bushross.com;
bhull@bushross.com
Secondary:aflowers@bushross.com;
lhoman@bushross.com

*Attorneys for Plaintiff Juul Labs, Inc.*

*Of Counsel:*

Daniel E. Yonan (trial counsel)
Michael E. Joffre
Nirav N. Desai
Jonathan Tuminaro
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
(202) 371-2540 (fax)
dyonan@sternekessler.com
mjoffre@sternekessler.com
ndesai@sternekessler.com
jtuminar@sternekessler.com